UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) | |
| Interpleader-Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 2:04-cv-395 |
| STEPHANIE BRYAN, KEVIN BRYAN, KAREN WOODS, and GUY & ALLEN FUNERAL DIRECTORS INC., | ) ) ) ) ) | |
| Interpleader-Defendants. | ) | |

**OPINION AND ORDER**

Before the Court are Defendants Karen Woods and Kevin Bryan's Motion for Default Judgment, Motion for Judgment on the Pleadings and Motion for Summary Judgment. For the following reasons, the Motions for Default Judgment and Summary Judgment are granted, and the Motion for Judgment on the Pleadings is denied as moot.

I.  BACKGROUND

Plaintiff Metropolitan Life Insurance Company filed this interpleader action seeking to have this Court determine the rightful beneficiaries of life insurance benefits due to Rupert M. Bryan, Jr. At the time of his death on July 29, 2004, Rupert M. Bryan, Jr., was enrolled for $24,000 in basic group life insurance benefits under the plan. There are essentially two sets of people competing for the proceeds here: the decedent's wife, Stephanie Bryan, and the decedent's children, Kevin Bryan and Karen Woods.[1] Metropolitan Life received a claim from Stephanie Bryan, the decedent's wife, dated August 7, 2004, requesting payment of the plan's

---

[1] Stephanie Bryan is the second wife of the decedent and not the mother of Kevin Bryan and Karen Woods.

benefits to her and enclosing an assignment whereby $1,619.43 of the plan benefits were purportedly assigned to Guy & Allen Funeral Directors, Inc.  Stephanie Bryan maintained her claim pursuant to a change of beneficiary form that she purports was executed by the decedent on July 27, 2004.  Metropolitan Life also received a claim from Kevin Bryan and Karen Woods ("Movants"), the decedent's children, who were beneficiaries of the policy at issue by virtue of a beneficiary designation dated August 2, 2002.

After Rupert Bryan's death, the Movants filed suit in the Lake Superior Court, Civil Division – Room Four, seeking a judicial declaration that the change in beneficiary form naming Stephanie Bryan as sole beneficiary of the insurance policy at issue was void.  The judge ruled in the Movants' favor on summary judgment.  Specifically, the court found that "the signature on the life insurance change of beneficiary form [designating Stephanie Bryan as sole beneficiary] is not the signature of the decedent and the last name of the decedent on such form is incorrectly spelled." (Movants' Exh. 1).  The court concluded that the July 27, 2004, change of beneficiary form was "invalid," and declared that "plaintiffs shall be restored as the named beneficiaries to all life insurance policies affected by such form." *Id.*

Because of the competing claims, Metropolitan Life initiated this interpleader proceeding.  They deposited the funds of the policy into this court and were dismissed from the case.  The Movants filed three motions in fairly rapid succession.  First, they moved for default judgment as to Guy & Allen.  Second, they sought a judgment on the pleadings.  Third, they sought summary judgment.  No one responded to any of these motions, despite the fact that all the non-movants received *Lewis v. Faulkner* notices on the motion for summary judgment.

## II.  DISCUSSION

A.  Jurisdiction

The Court has federal question jurisdiction in this case. Pursuant to 29 U.S.C. § 1132(a)(3)(B)(ii), a pension plan administrator–who qualifies as an ERISA fiduciary, *see* 29 U.S.C. § 1002(21)(A)–may seek to obtain equitable relief to enforce the terms of a plan. Plaintiff in this case filed an interpleader action to determine the rightful recipient of the pension benefits at issue, an equitable procedure. *U.S. v. Hodgekins,* 28 F.3d 610, 614 (7th Cir. 1994) ("Interpleader is an equitable procedure by which a person holding property (commonly called a stake-holder) who is or may be subject to inconsistent claims on that property (the stake) can bring together all the claimants in a single action."); *Koehring Co. v. Hyde Const. Co.*, 424 F.2d 1200, 1204 (7th Cir. 1970); *Aetna Life Ins. Co. v. Hager*, 930 F.Supp. 343, 345 (E.D. Wis. 1996); *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000) ("we hold that interpleader is a form of 'appropriate equitable relief' for purposes of section 1132(a)(3)(B)").

B.  Motion for Default Judgment

Federal Rule of Civil Procedure 55(b) gives the Court the power to enter default judgment in this case, but the Court must exercise sound judicial discretion in doing so. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). The Court may consider a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 3d* § 2685 (1998).

In this case, all of the factors weigh in the Movants' favor. The money involved, at least on Guy & Allen's end, is relatively modest. Guy & Allen's default is more than a mere

technicality, as they have not entered an appearance or otherwise participated in this litigation at all. The Movants have been prejudiced by this default, as resolution of this matter is holding up their receipt of the money at issue. Finally, the Movants have clearly established the grounds for this default, since Guy & Allen clearly should have known for some time that they would be subject to default if they did not act. For all of these reasons, the motion for default judgment against Guy & Allen is granted.

C.  Motion for Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons, Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The non-moving party must then set forth specific facts showing there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In making this determination, the Court must draw every reasonable inference from the record in the light most favorable to the non-moving party. *Dyrek v. Garvey*, 334 F.3d 590, 598 (7th Cir. 2003). However, the non-moving party must support its contentions with admissible evidence and may not rest upon mere allegations in the pleadings or conclusory statements in affidavits. *Celotex*, 477 U.S. at 324. The plain language of Rule 56(c) mandates the entry of

summary judgment against a party who fails to establish the existence of an element essential to its case and on which that party will bear the burden of proof at trial.

Local Rule 56.1 sets forth specific requirements for both the party moving for summary judgment as well as for the non-moving party. It directs the moving party to file a "Statement of Material Facts" as to which "the moving party contends there is no genuine issue." N.D. Ind. L.R. 56.1(a). The party opposing the summary judgment motion must respond to each of the purported undisputed facts with a "Statement of Genuine Issues" setting forth "all material facts as to which it is contended there exists a genuine issue necessary to be litigated." *Id.* The Local Rule specifically states that "the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed in opposition to the motion." N.D. Ind. L.R. 56.1(b); *see also Thiele v. Norfolk & Western Ry. Co.*, 873 F. Supp. 1240, 1243 (N.D. Ind. 1994).

In this case, given that Stephanie Bryan has not filed any response to the Movants' summary judgment motion or disputed any of the facts set forth in the their brief – despite being given ample opportunity and warning to do so – their allegations are deemed admitted unless they are unsupported by the evidence or contradict each other. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[w]e have consistently held that a failure to respond by the nonmovant as required by the local rules results in an admission"); *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 689 (7th Cir. 2000) (same). Here, the Movants' allegations in the facts section of their brief are supported by the evidence and are properly deemed admitted.

Nevertheless, even where an opposing party completely fails to respond to a summary judgment motion, Rule 56(e) permits judgment for the moving party only "*if appropriate* – that

is, if the motion demonstrates that there is no genuine issue of material fact *and* that the movant is entitled to judgment as a matter of law." *P.S. Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994) (quoting *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993) (emphasis supplied)).  Thus, even where all of the material facts are undisputed, the court still must determine that judgment is proper "as a matter of governing law."  *Id.* (citations omitted).

      Here, it is quite clear that the facts and the law support granting the Motion for Summary Judgment.  The Movants claim that res judicata is dispositive of this case.  We use state law to analyze the preclusive effect of state court judgments.  28 U.S.C. § 1738; *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982) ("Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.").  Under Indiana law, the doctrine of res judicata prevents repetitive litigation regarding essentially the same dispute.  *Brown v. Jones*, 804 N.E.2d 1197, 1202 (Ind. Ct. App. 2004).  Res judicata is divided into two branches: claim preclusion and issue preclusion.  *Id.*  Claim preclusion acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies where a final judgment is rendered on the merits.  *Id.* at 1202-03.  Issue preclusion bars the subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action.  *Id.*  Where issue preclusion applies, the previous judgment is conclusive only as to those issues actually litigated and determined therein. *Id.*  Claim preclusion applies when the prior judgment was: 1) entered by a court of competent jurisdiction, 2) after being determined on the merits, 3) where the present matter relates to the issues that were, or could have been, litigated in the prior litigation, and 4) the same parties, or their privies, were involved in the prior action. *Dawson v. Estate of Ott*, 796 N.E.2d 1190, 1195

(Ind. Ct. App. 2003); *Sims v. Kernan*, 72 F. Supp. 2d 944, 948 (N.D. Ind. 1997).  "Claim preclusion is applicable when a final judgment on the merits has been rendered and acts to bar a subsequent action on the same claim between the same parties."  *Dawson*, 796 N.E.2d at 1195.

There is little doubt that claim preclusion bars the claims made in this case.  Lake Superior Court, Civil Division – Room Four is a properly constituted court of general jurisdiction.  *See* I.C. 33-33-45-6.  Second, the summary judgment that the Movants won in that court is a judgment on the merits.  *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994).  Third, the present matter relates to the issues that were litigated in the state court litigation.  Fourth, the parties left in this suit are the same parties involved in the prior action.  These factors show that res judicata bars Stephanie Bryan from making any claims on this money and make entering summary judgment in favor of the Movants appropriate.  There is no other valid claim to the life insurance proceeds adverse to Kevin Bryan and Karen Woods, who share the proceeds equally.

### III.  CONCLUSION

For the foregoing reasons, Karen Woods and Kevin Bryan's Motion for Default Judgment [Docket No. 16] and Motion for Summary Judgment [Docket No. 21] are **GRANTED**.  Their Motion for Judgment on the Pleadings [Docket No. 17] is **DENIED AS MOOT**.  The Clerk of

the Court is directed to disburse any and all funds tendered by Metropolitan Life Insurance Company in this matter to Kevin Bryan and Karen Woods in equal shares.  This case is **TERMINATED**, all further settings are **VACATED**.

    **SO ORDERED.**

    Entered: April 13, 2005

                                              s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT